UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMINGTON DONOVAN WILLINGHAM,

    Petitioner,

v.

JOHN DIAZ,

    Respondent.

CASE NO. 2:21-CV-1279-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: November 19, 2021

    The District Court has referred this action filed under 28 U.S.C. § 2241 to United States Magistrate Judge David W. Christel. Petitioner Remington Donovan Willingham, proceeding *pro se*, initiated this federal habeas action on September 20, 2021. *See* Dkt. 1.[1] On September 28, 2021, after reviewing the Petition, the Court declined to serve the Petition but gave Petitioner an opportunity to show cause why this case should not be dismissed. Dkt. 4. Petitioner was ordered

---

[1] Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1. However, the Court found it improbable Petitioner would be able to cure the deficiencies of his Petition and therefore stated it would not rule on the request to proceed *in forma pauperis* until Petitioner responded to the Court's Order to Show Cause. As Petitioner has not responded, the Court recommends the Motion for Leave to Proceed *In Forma Pauperis* be denied.

to show cause on or before October 27, 2021. *Id.* The Court warned Petitioner that failure to adequately address the issues identified in the Order would result in the Court recommending dismissal of this action. *Id.*

Petitioner has failed to comply with the Court's Order. He has not filed a response to the Order or an amended Petition correcting the deficiencies identified in the Order. As Petitioner has failed to respond to the Court's Order and prosecute this case, the Court recommends this case be dismissed without prejudice. Furthermore, as Petitioner has not prosecuted this case, the Court finds any appeal would not be taken in good faith. The Court also recommends that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1) and Application for Court Appointed Counsel (Dkt. 7) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 19, 2021, as noted in the caption.

Dated this 3rd day of November, 2021.

David W. Christel
United States Magistrate Judge